UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDERSON P. THURSTON,

    Petitioner,

    v.

STUART SHERMAN, Warden,[1]

    Respondent.

No. 2:17-cv-1421 KJM KJN P

FINDINGS & RECOMMENDATIONS

I. Introduction

    Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the denial of his petition for resentencing under California's Three Strikes Reform Act of 2012 ("Reform Act"). Petitioner claims that: (1) a prior juvenile court adjudication is not a prior conviction for purposes of eligibility for resentencing under the Reform Act; (2) petitioner's 1975 juvenile adjudication for forcible rape did not make petitioner ineligible for resentencing because it was not pled and proven in the underlying three strikes case; and (3) the trial court lacked jurisdiction to order the

---

[1] Petitioner named Joe Lizarraga as respondent. Stuart Sherman, the Warden of the Substance Abuse Treatment Facility and State Prison, where petitioner is presently incarcerated, is substituted in as the correct respondent. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).

1

disclosure of petitioner's juvenile records upon which his resentencing petition was denied. (ECF No. 1 at 4-5.)

After careful review of the record, this court concludes that the petition should be denied without an evidentiary hearing.

II. Procedural History

In 2002, petitioner was found guilty of driving in disregard of safety of persons or property while fleeing from a pursuing police officer in violation of California Vehicle Code section 2800.2. Petitioner was found to have suffered three prior strike convictions: for robberies in 1984 and 1990, and for a violation of California Vehicle Code section 2800.2 in 1999. (ECF No. 14-1 at 7-8.)

After the 2012 passage of the Reform Act,[2] petitioner filed a pro se petition for resentencing under California Penal Code section 1170.126,[3] alleging that he was eligible for resentencing because the current offense was not a serious or violent felony. (ECF No. 14-1 at 49.) Following several hearings, on June 17, 2013, the trial court found that petitioner was statutorily ineligible for resentencing due to petitioner's 1975 juvenile adjudication for forcible

---

[2] The Three Strikes Reform Act of 2012, which amended California Penal Code §§ 667 and 1170.12 and added Penal Code § 1170.126, created a post-conviction release procedure for third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies. If such an inmate meets the criteria enumerated in California Penal Code § 1170.126 (e), he/she will be resentenced as a second strike offender unless the court determines such resentencing would pose an unreasonable risk of danger to public safety. Cal. Pen. Code § 1170.126; People v. Yearwood, 213 Cal. App. 4th 161, 167-68 (2013).

[3] An inmate is eligible for resentencing if:
  (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.
  (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.
  (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.
Cal. Penal Code § 1170.126(e).

2

rape because it was for a sexually violent act within the meaning of Welfare and Institutions Code Section 6600(b). (ECF Nos. 14-1 at 190; 14-3 at 98-99.) The trial court then found that even if the juvenile adjudication is not a conviction within the meaning of section 1170.126, following review of petitioner's history and hearing six witnesses in support of petitioner, as well as from petitioner, the trial court would deny the request for resentencing based on a finding that petitioner "remains today a substantial danger to the safety . . . of the citizens of this community if he were to be released from custody." (ECF No. 14-3 at 103.)

Petitioner, through counsel, sought review in the California Court of Appeal, First Appellate District. (ECF No. 14-5 at 3-170.) On January 15, 2016, the state appellate court affirmed the judgment in a published decision. (ECF No. 14-6 at 3-37.) On February 11, 2016, a modified order was issued by the state appellate court, with no change in judgment. (ECF No. 14-6 at 40-42.)

Petitioner filed a petition for review in the California Supreme Court, which was summarily denied on April 13, 2016. (ECF No. 14-6 at 81-170.)

Petitioner filed the instant petition on July 10, 2017. (ECF No. 1.)

III. Facts

In its published opinion affirming the denial of the petition for resentencing, the California Court of Appeal for the First Appellate District provided the following factual summary of petitioner's underlying criminal case, and the procedural background of his subsequent resentencing petition, as follows:

> In 2002, after a jury trial, appellant was found guilty of felony driving in disregard for safety of persons or property while fleeing from a pursuing police officer. (Veh. Code, § 2800.2, subd. (a).) Appellant was found to have suffered three prior strike convictions (Pen. Code, §§ 1170.12, subds. (a)-(d); 667, subds. (b)-(i)),[FN1] for robberies in 1990 and 1984, and two prison priors (§ 667.5, subd. (b)), for the 1990 robbery and a 1999 violation of Vehicle Code section 2800.2. He was sentenced to a prison term of 25 years to life for the current conviction plus two consecutive one-year terms for the two prison priors.
>
> [FN1: All further unspecified statutory references are to the Penal Code.]
>
> The facts underlying appellant's 2002 conviction were described in detail in our opinion affirming that conviction. (*People v. Thurston*

3

(Jan. 19, 2005, A101620, A106524) [2005 WL 102931].) [FN2] In brief, when a Vallejo police officer attempted to stop the vehicle appellant was driving, appellant accelerated and drove for about 1.2 or 1.3 miles with the officer in pursuit, failing to stop at a stop signs, driving at speeds of up to 60 miles per hour in a 30 mile per hour zone and in the wrong direction on one-way streets. (*Id.* at pp. *3-4.) The officer testified that there was no traffic on the one-way streets. (*Id.* at p. *3.) The chase ended when the car appellant was driving jumped onto the curb over a planter box and stopped, still in gear, and appellant ran from car; appellant was found in a yard, lying face down by the fence, panting and sweating profusely. (*Ibid.*)

[FN2: As described in our prior opinion, the case that led to the Vehicle Code section 2800.1 conviction resulting in the three strikes sentence was originally filed as if appellant had only one prior strike conviction. (*People v. Thurston, supra,* 2005 WL 102931, *10, fn. 4.) Appellant initially pled no contest to the charges and admitted the special allegations pursuant to a plea bargain directly negotiated with the court, under which he would have entered Delancey Street or another similar program and, if he failed in the program, would have gone to prison for a maximum of eight years. (*Id.* at p. *1.) After reading in the presentence report that appellant had not been cooperative with the probation department regarding releases of information, the trial court denied appellant's request for probation and allowed appellant to withdraw his pleas. (*Id.* at p. *2.) At the conclusion of the preliminary hearing, appellant moved to reduce the Vehicle Code section 2800.1 offense to a misdemeanor and the prosecutor argued that the case "could easily be filed as a third strike." (*Id.* at p. *9.) Apparently the criminal history reviewed by the prosecutor who had filed the complaint was incomplete; the case was taken over by a different prosecutor who obtained a complete rap sheet, after which the case was filed as a third strike case. (*Id.* at p. *10, fn. 4.)]

In November 2012, after passage of the Three Strikes Reform Act (Prop. 36), appellant, in propria persona, filed a petition for resentencing. The Solano County Public Defender was appointed to represent appellant, and a new petition for resentencing was filed on January 16, 2013. Opposing the petition, the prosecutor noted that appellant might not be eligible for resentencing due to a 1975 juvenile adjudication for rape, noting that it was unclear whether the facts behind the adjudication were in the record and the court would have to determine from the juvenile record whether the rape was forcible.

On March 18, the court heard testimony from five witnesses, relatives, and a friend of appellant, who believed appellant had changed and would not pose any danger to the community if released. Defense counsel noted that at the time of appellant's 2002 trial, acting without counsel, appellant had turned down two potential dispositions that would have called for sentences of four years or eight years.

////

The court had reviewed appellant's juvenile court file[4] and, after directing defense counsel to review it, indicated that it was inclined toward finding appellant ineligible due to the juvenile adjudication.[5] The matter was continued for counsel to provide the court with authority on the issue of whether appellant's juvenile adjudication precluded resentencing.

On April 22, appellant presented testimony from three present or former prison employees concerning his rehabilitative efforts and the matter was again continued.

On May 13, the prosecutor served a formal notice of request for disclosure of appellant's juvenile court file; the next day, the prosecutor filed supplemental points and authorities arguing that appellant was not eligible for resentencing due to the 1975 juvenile adjudication of rape and attaching copies of a 1975 order of commitment to the then-named California Youth Authority (now the Division of Juvenile Justice (DJJ)) for violation of section 261, the juvenile court petition alleging forcible rape, and minute orders sustaining the petition and committing appellant to the DJJ. Appellant and defense counsel filed separate objections to release of the juvenile records.

On June 10, the parties disputed whether the trial court could order release of the juvenile records, appellant insisting that the determination could only be made by a juvenile court judge. The court held that it had jurisdiction to make the order, ordered that the request for disclosure be filed, and ordered the relevant portions of the juvenile court file released to the parties for use in this proceeding.[6] The parties then presented arguments on whether the juvenile adjudication rendered appellant ineligible for resentencing and whether he would present a danger to the community if released, and appellant addressed the court.

---

[4] On April 15, 1975, petitioner was adjudged a ward of the juvenile court, and committed to the Youth Authority, based on petitioner's violation of California Penal Code section 261 on February 24, 1975, at which time petitioner was age 16 and four months. (ECF Nos. 14-1 at 154; 14-3 at 40, 78.) Specifically, petitioner accomplished "an act of sexual intercourse with [redacted], a female who was not then and there the wife of said minor, against the will or without the consent of the said [redacted], by threat of great and immediate bodily harm, accompanied by apparent power of execution." (ECF No. 14-1 at 156.)

[5] At the March 18, 2013 hearing, the trial court confirmed that a violation of California Penal Code Section 261 was "the then codified statute for forcible rape." (ECF No. 14-3 at 38.) The court further confirmed that "there's no question that it was forcible," "at one point prior to the act the defendant showed this gun to the victim," . . . "and that's what [the victim] claimed led to the sexual event and that the Court found that it was a violation of 261." (ECF No. 14-3 at 40.)

[6] The trial court confirmed that the superior court ordered the release of petitioner's juvenile court records in February. (ECF No. 14-3 at 52.)

> On June 17, noting that it was an issue of first impression, the court held that a juvenile adjudication could disqualify an individual seeking resentencing and that it was clear the adjudication was for a sexually violent act within the meaning of Welfare and Institutions Code section 6600, subdivision (b). The court additionally held that appellant continued to pose an unreasonable risk of danger to the community, explaining that it was considering this issue in case it was determined to have erred in finding the juvenile adjudication rendered appellant ineligible for resentencing.[7]
>
> On July 11, defense counsel filed a motion to recall and resentence appellant pursuant to section 1170, subdivision (d), attaching a letter appellant wrote to the court dated the day after the June 17 hearing, and a document entitled "Refutation, Clarification & Correction" in which appellant addressed various factual errors he believed the court had made in its reasons for viewing him as continuing to pose an unreasonable risk of danger, as well as ways in which appellant had expressed remorse and sympathy for victims of his crimes. At a hearing on August 9, the court treated the motion as a motion for reconsideration of the denial of appellant's petition for resentencing.
>
> Appellant filed a notice of appeal from the denial of the petition for resentencing on August 9, 2013.

People v. Thurston, 244 Cal. App. 4th 644, 653-55, 198 Cal. Rptr. 3d 585, 588-90 (2016), as modified on denial of reh'g (Feb. 11, 2016), review denied (Apr. 13, 2016) (ECF No. 14-6 at 3-6.)

IV.  Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

---

[7] The trial court noted petitioner's lifetime of criminal conduct: "at the time [petitioner] received the conviction, which we're discussing here, the one for which he received the life sentence, he had at that time already been sentenced to in excess of 28 years in prison. He had, I think, twelve felony convictions at the time he was convicted on the instant case, five of which qualify as strikes, and every one of which, as I recall, he used a firearm." (ECF No. 14-3 at 99-100.) "[N]otably, he's been using firearms in the commission of very dangerous felonies for his entire life." (ECF No. 14-3 at 100.)

6

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's

decisions, but unreasonably applies that principle to the facts of the prisoner's case.[8] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams v. Taylor, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. at 411. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a '"firm conviction"' that the state court was '"erroneous."'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Richter, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a

---

[8] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, (2013) (citing Richter, 562 U.S. at 98).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 101. The petitioner bears "the burden to demonstrate
////

9

that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006).

V. Discussion

Petitioner raises three claims for federal habeas relief, all relating to the state court's failure to recall his sentence and resentence him under the Reform Act. First, petitioner claims that a prior juvenile court adjudication is not a prior conviction for purposes of eligibility for resentencing under the Reform Act. Second, petitioner claims that his 1975 juvenile adjudication for forcible rape did not make him ineligible for resentencing because it was not pled and proven in the underlying three strikes case. Third, petitioner argues that the trial court lacked jurisdiction to order the disclosure of petitioner's juvenile records upon which his resentencing petition was denied.

The California Court of Appeal rejected all of petitioner's arguments in its lengthy, published opinion. People v. Thurston, 244 Cal. App. 4th at 655-80. In summarizing the statutory changes enacted by the Reform Act, the appellate court explained that:

> Under section 1170.126, subdivision (e)(3), an inmate is *not* eligible for resentencing if he or she has a prior conviction for any offense appearing in section 667, subdivision (e)(2)(C)(iv), or section 1170.12, subdivision (c)(2)(C)(iv). As relevant here, the referenced offenses include a "'sexually violent offense' as defined by subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§ 1170.12, subdivision (c)(2)(C)(iv)(I); § 667, subdivision (e)(2)(C)(iv)(I).) Welfare and Institutions Code section 6600, subdivision (b), defines "'[s]exually violent offense'" as meaning "the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person. . . : a felony violation of Section 261. . . ."

People v. Thurston, 244 Cal. App. 4th at 655-56.

////

In his federal petition, petitioner primarily relies on state law to support his claims, incorporating his lawyer's briefing from the petition for review filed in the California Supreme Court. (ECF No. 1 at 8-35.) The one exception is within his second claim, where counsel argued that the failure to plead and prove petitioner's prior convictions violated his equal protection rights under the Fourteenth Amendment. (ECF No. 1 at 16, 19, 21.) Counsel also argued that "the statutes and due process required that the 'authorizing' or 'disqualifying' prior conviction have been pleaded and proved." (ECF No. 1 at 20.) Despite such arguments, petitioner's first two claims essentially challenge the failure of the state courts to resentence him under state law, and his third claim challenges the trial court's jurisdiction under state law. As explained above, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (quoting Estelle, 502 U.S. at 67). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). See also Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (federal habeas court is bound by the state courts' interpretation and application of state sentencing law); Mullaney v. Wilbur, 421 U.S. 684, 691 (1975) ("[s]tate courts are the ultimate expositors of state law," and a federal habeas court is bound by the state's construction except when it appears that its interpretation is "an obvious subterfuge to evade the consideration of a federal issue"). So long as a sentence imposed by a state court "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976).

On federal habeas review, the question "is not whether the state sentencer committed state-law error," but whether the sentence imposed on the petitioner is "so arbitrary or capricious" as to constitute an independent due process violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992). Petitioner has not demonstrated that the state courts' refusal to resentence him under § 1170.126 was erroneous or "so arbitrary or capricious" as to violate due process. The California Court of Appeal found that petitioner was ineligible for relief because of the nature of

his prior offenses, and this court is bound by that interpretation of state law. "Because petitioner was not entitled to re-sentencing under state law, the failure to grant him such relief could not have deprived him of any federally protected right." Tuggle v. Perez, No. 2:14-cv-1680 KJM CKD, 2016 WL 1377790, at *5-6 (E.D. Cal. Apr. 7, 2016),[9] citing Johnson v. Spearman, No. CV 13-3021 JVS AJW, 2013 WL 3053043, at *3 (C.D. Cal. June 10, 2013) (concluding that because the petitioner was not entitled to resentencing under § 1170.126 under state law based upon the fact that his current second-degree robbery conviction was defined as a serious or violent felony, the state court's denial of his petition to recall his sentence could not have deprived him of any federally protected right).

To the extent petitioner attempts to characterize his claims within the federal constitution, his effort does not render such claims cognizable on federal habeas review. A petitioner may not "transform a state law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). See also Little v. Crawford, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006) (even a showing of a possible "'variance with the state law'" does not constitute a federal question, and federal courts "'cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.'") (citation omitted).

Moreover, "[n]o federal court has found federal challenges to the Three Strikes Reform Act to be cognizable in federal habeas." Tuggle, 2016 WL 1377790 at *7 (collecting cases); see also Olivarez v. Lizarraga, Case No. 1:14-cv-01354 JLO MJS, 2015 WL 521431, at *3 (E.D. Cal. 2015), adopted, (E.D. Cal. Mar. 26, 2015) (citing cases and noting that "no federal court addressing this issue has found federal challenges to the Three Strikes Reform Act cognizable in federal habeas.").

For all of these reasons, the petition should be denied for failing to state cognizable federal habeas claims.

////

---

[9] The district court adopted the findings and recommendations on June 3, 2016. No. 2:14-cv-1680 KJM CKD (ECF No. 28 at 2).

12

But even considered on the merits, petitioner's federal constitutional claims fail. The state appellate court addressed petitioner's equal protection argument as follows:

> Appellant also argues that it would violate equal protection principles if the same pleading requirements applicable at original sentencing did not apply at "resentencing." First, the question here is not whether there is a pleading requirement with respect to resentencing; the question is whether there is a pleading requirement with respect to the determination of eligibility for resentencing. If eligible, unless the trial court finds an unreasonable risk of danger to public safety, the inmate "shall be resentenced" pursuant to section 1170.12, subdivision (c)(1), and– section 667, subdivision (e)(1)–the provisions governing original sentencing, which include the pleading and proof requirement.
>
> Second, to the extent appellant means to be arguing that equal protection requires the same pleading requirement apply to the determination of eligibility, he has made no effort to establish that, as an inmate requesting resentencing under section 1170.126, he is similarly situated to a defendant being sentenced for the first time under sections 1170.12 or 667. He is not. (*People v. Losa* (2014) 232 Cal.App.4th 789, 793[181 Cal.Rptr.3d 682].) In rejecting an equal protection challenge to the provision of section 1170.126 precluding resentencing upon a trial court's determination of dangerousness, the *Losa* court explained, "Defendant is not merely entering the prison system; rather, he has been confined there for a substantial period of time. . . . '[Defendant] was properly sentenced to prison for an indefinite term because he was properly convicted (beyond a reasonable doubt, by a unanimous jury) of a third felony after he had committed two prior serious or violent felonies. It was his third felony conviction which, pursuant to the law in effect at the time, subjected him to an indeterminate sentence. Now, due to the adoption of the Act, [defendant] may be entitled to a downward modification of this indeterminate term to a determinate second strike sentence. That he may be denied such downward modification due to a finding of dangerousness based on a preponderance of the evidence does not mean that he would be subjected to indefinite confinement based on this finding. He is subject to the indeterminate term due to his original third strike sentence; the dangerousness finding would simply deny him a downward modification. This process does not deny [defendant] his constitutional right to equal protection of the law.'" (*Losa*, at p. 793, 181 Cal.Rptr.3d 682, quoting *Kaulick*, *supra*, 215 Cal.App.4th at p. 1306, 155 Cal.Rptr.3d 856.)
>
> Similarly, here, having been properly sentenced under the law in effect at the time, appellant is not in the same position as a defendant being sentenced for the first time. "A finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1040, 171 Cal.Rptr.3d 55.) "'The retrospective part of the Act is not constitutionally required, but an act of lenity on the part of the electorate.'" (*Ibid.* quoting *Kaulick, supra,* 215 Cal.App.4th at pp. 1303-1305, 155 Cal.Rptr.3d 856.) As we have

13

said, once found entitled to resentencing, an inmate's actual resentencing will be pursuant to the provisions governing first-time sentencing of a second strike offender.

Appellant points to section 1170.126, subdivision (d), which provides, "The petition for a recall of sentence described in subdivision (b) shall specify all of the currently charged felonies, which resulted in the sentence under paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, or both, and shall also specify all of the prior convictions alleged and proved under subdivision (d) of Section 667 and subdivision (b) of Section 1170.12." Appellant takes this provision to mean that any prior conviction that was not alleged and proved in the original proceeding is "irrelevant." We are not convinced. The requirement that the court asked to resentence an inmate be informed of all the prior convictions that were established at the original sentencing sets a minimum standard ensuring the court has at least the same information as the original sentencing court. It does not necessarily preclude introduction of additional evidence relevant to the eligibility determination. That an inmate's entitlement to resentencing under section 1170.126 was expected to depend on evidence not necessarily presented at his or her original sentencing is evident in the requirement that the court determine whether a new sentence would result in an unreasonable risk of danger to public safety, a requirement not at issue in first-time sentencing under the Three Strikes law.

Further pressing the argument that section 1170.126, subdivision (e)(3), incorporates the pleading and proof requirements of sections 1170.12, subdivision (c)(2)(C)(iv), and 667, subdivision (e)(2)(C)(iv), appellant argues that if it was intended that prisoners be disqualified from resentencing regardless of whether the disqualifying prior convictions had been pleaded and proved, the Reform Act could have "skirted" the pleading and proof requirements by referring "directly to the specifications of offenses in Penal Code sections 667.5, subdivision (c), and 1192.7 and Welfare and Institutions Code section 6600." But the list of offenses in the clauses referenced in section 1170.126, subdivision (e)(3), is much shorter and more specific than the list enumerated as serious felonies in section 1192.7, subdivision (c), and does not even include all the violent felonies listed in section 667.5, subdivision (c).4 It appears that the Reform Act carefully identified the prior offenses that would preclude an offender whose current offense is not a serious or violent felony from being treated as a second rather than a third strike offender (§§ 1170.12, subd. (c)(2)(C)(iv), § 667, subd. (e)(2)(C)(iv)), then referred to this select list of offenses in defining the offenses that would render a previously sentenced third strike offender ineligible for resentencing. (§ 1170.126, subd. (e)(3).)

Finally, appellant offers *People v. Lo Cicero* (1969) 71 Cal.2d 1186, 1192-1193[80 Cal.Rptr. 913, 459 P.2d 241] (*Lo Cicero*), as establishing a constitutional requirement for pleading and proof of a prior conviction used to deny resentencing under section 1170.126, subdivision (e)(3). *Lo Cicero* implied a pleading and proof requirement into a statute that prohibited probation for certain

14

defendants with specified prior convictions. "The statute did not expressly require the prior conviction establishing the defendant's ineligibility be pleaded and proved, but we recognized an implied pleading and proof requirement under *People v. Ford* (1964) 60 Cal.2d 772[36 Cal.Rptr. 620, 388 P.2d 892], in which 'we held that "before a defendant can properly be sentenced to suffer the increased penalties flowing from . . . [a] finding . . . [of a prior conviction] the fact of the prior conviction . . . must be charged in the accusatory pleading, and if the defendant pleads not guilty thereto the charge must be proved and the truth of the allegation determined by the jury, or by the court if a jury is waived."' (*Lo Cicero*, . . . at pp. 1192-1193[80 Cal.Rptr. 913, 459 P.2d 241], quoting [*Ford*], at p. 794, 36 Cal.Rptr. 620, 388 P.2d 892.) We concluded that '[t]he denial of opportunity for probation involved here is equivalent to an increase in penalty, and the principle declared in *Ford* should apply.' (*Lo Cicero*, . . . at p. 1193, 80 Cal.Rptr. 913, 459 P.2d 241; see *People v. Ibarra* (1963) 60 Cal.2d 460, 467-468[34 Cal.Rptr. 863, 386 P.2d 487]; *People v. Huffman* (1977) 71 Cal.App.3d 63, 82[139 Cal.Rptr. 264].)" (*In re Varnell* (2003) 30 Cal.4th 1132, 1140[135 Cal.Rptr.2d 619, 70 P.3d 1037].)

*Blakely, supra,* 225 Cal.App.4th 1042, 171 Cal.Rptr.3d 70, found this reasoning inapplicable to the determination of eligibility for resentencing under section 1170.126. The issue in *Blakely* was whether the inmate was ineligible for resentencing because he was armed with a firearm during the commission of the offense for which his three strikes sentence was imposed. (*Blakely*, at p. 1051, 171 Cal.Rptr.3d 70; § 1170.126, subd. (e)(2).) The current conviction was for possession of a firearm by a felon, which did not necessarily establish that the defendant was armed, and *Blakely* upheld the trial court's decision to consider "the overall facts and circumstances" of the case to determine whether the defendant was in fact armed. (*Blakely*, at p. 1058, 171 Cal.Rptr.3d 70.)

The *Blakely* court concluded that the factor disqualifying the defendant from resentencing "need not be pled and proved in the sense of being specifically alleged in an accusatory pleading and expressly either found by the trier of fact at trial of the current offense or admitted by the defendant." (*Blakely, supra,* 225 Cal.App.4th at p. 1058, 171 Cal.Rptr.3d 70.) The court cited *Lo Cicero* among authorities supporting the point that "[i]f we were concerned with the propriety of the imposition of additional or aggravated punishment based on the nature of defendant's current conviction," the argument that pleading and proof was required "would have merit." (*Id.* at p. 1062, 171 Cal.Rptr.3d 70.) "In the present case, however, we are not concerned with the initial imposition of sentence. As we have explained, defendant has already had an indeterminate term of 25 years to life imposed. . . . Cases limiting consideration to the elements of the offense and evidence presented to the trier of fact do not constrain a court where, as here, the issue is eligibility for a lesser sentence than the one already properly imposed. Like facts invoked to limit the ability to earn conduct credits, facts invoked to render an inmate ineligible for downward resentencing do not increase the penalty for a crime beyond the statutory maximum, and so need not be pled or proved. (See *People v. Lara* (2012) 54 Cal.4th 896, 901,

> 905-906[144 Cal.Rptr.3d 169, 281 P.3d 72].)" (Id. at p. 1063, 171 Cal.Rptr.3d 70, fn. omitted.)
>
> The same is true here. The prior juvenile adjudication at issue in this case was not used to increase the penalty to which appellant was exposed, only to determine whether he was eligible for a possible reduction in a previously imposed sentence.

People v. Thurston, 244 Cal. App. 4th at 658-62.

The decision of the California Court of Appeals that the denial of petitioner's request for resentencing under California Penal Code § 1170.126 did not violate petitioner's rights to equal protection is not contrary to or an unreasonable application of United States Supreme Court authority. The state appellate court's decision in this regard is not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103; see also Tuggle, No. 2:14-cv-1680 KJM CKD, 2016 WL 1377790, at *1. Accordingly, petitioner is not entitled to relief based on his claim that the denial of the resentencing petition violated his equal protection rights.[10]

Finally, petitioner's third claim, disputing the admission of the evidence from his juvenile adjudication because the trial court allegedly lacked jurisdiction to order its release, also fails because it challenges the state court's evidentiary ruling. As explained above, "it is not the

---

[10] Petitioner did not rely on Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Court held that a sentencing court's finding of priors based on the record of conviction used to increase the prisoner's sentence implicates the Sixth Amendment requirement that factual findings be made by a jury and found true beyond a reasonable doubt. Id. California's Three Strikes Reform Act is an ameliorative provision, used only to decrease a prisoner's sentence. Because petitioner's juvenile adjudication was not used to increase his sentence, the state court's decision did not violate Apprendi. Moreover, the United States Supreme Court has not held that Apprendi applies to proceedings to recall, reduce, or modify a lawfully imposed sentence. See Spells v. Kernan, No. 16-cv-102-BAS (WVG), 2016 WL 5937946, at *3 (S.D. Cal. Aug. 5, 2016), adopted, 2016 WL 6092594 (S.D. Cal. Oct. 19, 2016). Rather, the United States Supreme Court rejected a similar argument regarding a federal resentencing statute in Dillon v. United States, 560 U.S. 817, 828 (2010). There, the Court held that the Sixth Amendment jury trial right does not apply to federal procedure for resentencing. Id. The undersigned finds such arguments persuasive, and other federal courts also agree. See, e.g., Henson v. Sherman, 2:15-cv-2273 TLN DB, 2018 WL 2972461 (E.D. Cal. June 8, 2018), adopted, (E.D. Cal. Sept. 17, 2018); Andrade v. Frauenheim, No. 1:16-cv-1701 DAD MJS, 2016 WL 7210121, at *2 (E.D. Cal. Dec. 12, 2016), adopted, (E.D. Cal. Mar. 15, 2017); Olivarez, 2015 WL 521431, at *2 (distinguishing Apprendi as applicable only to proceedings which, unlike those under the Reform Act, may increase a sentence).

province of a federal habeas court to reexamine state court determinations on state law questions." Estelle, 502 U.S. at 67, 70 ("nothing in the Due Process Clause of the Fourteenth Amendment requires the State to refrain from introducing relevant evidence"). Accordingly, a state court's evidentiary ruling, even if erroneous, is grounds for federal habeas relief only if it renders the state proceedings so fundamentally unfair as to violate due process. Drayden v. White, 232 F.3d 704, 710 (9th Cir. 2000); Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991).

For the reasons explained by the California Court of Appeal, the admission into evidence of petitioner's juvenile adjudication records did not render the proceedings fundamentally unfair. The state court reasonably found that had the juvenile court been asked to release petitioner's records, "it is all but impossible to imagine that court would not have released the records." People v. Thurston, 244 Cal. App. 4th at 675. Indeed, under California law, "the trial court, the prosecutor, and [petitioner] were entitled to inspect [petitioner's] juvenile file without court order." Id. Such records were relevant to the court's determination of petitioner's eligibility for resentencing, and outweighed any privacy concerns petitioner may have had when he was a minor. Petitioner fails to demonstrate that the admission of such evidence under these circumstances rendered his trial fundamentally unfair. See Estelle, 502 U.S. at 67-68. The undersigned finds that the state court decision on petitioner's third claim was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

For all of these reasons, the petition should be denied.

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 20, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/thur1421.157